UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAGMAR COLLANTES              DEMAND FOR JURY TRIAL

    Plaintiff,

                                            Case No.

v.

OCWEN LOAN SERVICING, LLC
    Defendant,

_____/

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, THE FLORIDA COUNSUMER COLLECTION PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT

**COMES NOW** Plaintiff, Dagmar Collantes, by and through her undersigned attorney, and hereby alleges the following against Defendant, Ocwen Loan Servicing, LLC.

## PRELIMINARY STATEMENT

1. This is an action for damages under Federal Statute §15 U.S.C. 1601 *et seq.*, otherwise known as the Fair Debt Collection Protection Act (herein after "FDCPA") and Florida Statutes §559.55 *et seq.,* otherwise known as a the Florida Consumer Collection Practices Act (hereinafter "FCCPA") and under Federal Statute 47 USC § 227 *et. seq.***,** the Telephone Consumer Protection Act (hereinafter the "TCPA").

## PARTIES

2. Plaintiff, Dagmar Collantes (hereinafter "Ms. Collantes" or "plaintiff") is a natural person and is a resident of Hillsborough County Florida and is a "consumer" as that term is defined by F.S.A. 559.55(2); 15 U.S.C. 1692a(2).

3. Defendant, Ocwen Loan Serving, LLC, (hereinafter "Ocwen" or "Defendant") is a Limited Liability Corporation formed under the laws of the State of Delaware who is

authorized to do business in the State of Florida and whose principal address is 1661 Worthington Road Ste 100, West Palm Beach, FL 33409.

4. Defendant is a debt collector as that term is defined by 15 U.S.C §1692(a) 3 and F.S.A. §559.55(6).

5. Upon information and belief, at all times mentioned herein, the agents and employees of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. §1331, 47 U.S.C. §227, 15 USC §1692.

7. Venue lies in this District because Plaintiff resides here and Defendant does business and places phone calls into this District.

## FACTUAL ALLEGATIONS

### Collection Attempts from Defendant

8. Plaintiff has a First Mortgage on her Homestead with Ocwen.

9. Plaintiff has defaulted on that mortgage.

10. Plaintiff no longer resides at the property.

11. Ocwen has not foreclosed on the property.

12. Soon after the Plaintiff defaulted Ocwen began a telephone harassment campaign against Ms. Collantes to collect the debt.

13. Ocwen has taken no legal action to enforce their lien.

14. Ocwen called Ms. Collantes cell phone multiple times on an almost daily basis.

15. At some point, between April and June of 2015, Ms. Collantes contacted Ocwen and asked them not to call her and expressly revoked her consent to call her cell phone.

16. At some later date Ms. Collantes call Ocwen and advised them that she was represented by an attorney and to stop calling her.

17. Ocwen continued to call Ms. Collantes cell phone multiple times per day despite Ms. Collantes previous request not to call her but instead call her attorney.

18. Ocwen willfully continued to call Ms. Collantes cell phone after her express revocation of consent to call her cell phone and informing them she was represented by an attorney.

19. In the month of December 2015, Ms. Collantes received 67 cell phone calls identified as being from Ocwen Servicing.

20. On December 23, 2015 alone she received nine calls from Ocwen.

21. The calls have continued through March 1, 2016.

22. Upon information and belief and the frequency of calls, the Defendant used an automatic telephone dialing system with a current or future capacity to store or produce numbers that are randomly or sequentially generated, even if the auto dialer is not presently used for that purpose, and thus meets the definition of an ATDS as clarified by the FCC in its July 2015 Declaratory Ruling.

23. Ocwen has been sued numerous times for violating the TCPA and thus demonstrates a pattern and practice of making calls to people's cell phones using an ATDS.

24. Additionally, Ocwen Loan Servicing, Inc., has been found by a Jury in the United States District Court, Middle District of Florida, Tampa Division, to have willfully violated the TCPA, 213 times, as recently as September 23, 2015.

## First Claim for Relief

### Violation of Fair Debt Collection Practices Act

25. Plaintiffs repeat, re-alleges and incorporate by reference paragraphs 1-24.

26. The foregoing acts and omissions of Ocwen and its agents constitute violations of the Fair Debt Collection Practices Act including but not limited to 15 U.S.C §1692(d)(5) and (6).

27. The defendant called as many as nine times per day without leaving meaningful disclosure of the caller's identity.

28. The actions of Defendant were intended to harass the Plaintiffs.

29. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, and reasonable attorney fees and costs.

## Second Claim for Relief

### Violation of the Florida Consumer Collection Practices Act

30. Plaintiffs repeat, re-alleges and incorporate by reference paragraphs 1-24.

31. The foregoing acts and omissions of Ocwen and its agents constitute violations of the Florida Consumer Collection Practices Act including but not limited to F.S.A. §559.72(7).

32. The actions of Defendant were intended to harass the Plaintiffs into paying a consumer debt.

33. The violations caused Ms. Collantes anxiety and emotional distress.

34. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, punitive damages, and reasonable attorney fees and costs.

### Third Claim for Relief

### Violation of the Telephone Consumer Protection Act

35. Plaintiffs repeat, re-alleges and incorporate by reference paragraphs 1-24.

36. Defendant used an automatic telephone dialing system to make non-emergency collection calls to [305-XXX-6930], Ms. Collantes cell phone.

37. Defendant placed said phone calls after Ms. Collantes revoked her implied consent to call her cell phone.

38. Although the exact number of calls are not known at this time, it is alleged that the number of calls exceeded 153 after the express revocation of consent by Ms. Collentes, in violation of the TCPA.

39. Ocwen has, or should be possession and control of call logs, account notes, auto dialer reports and other records that detail the exact number of calls made to Ms. Collantes after she revoked her consent.

40. As a result of the above violations of the TCPA, Defendant is liable to Plaintiffs for statutory damages of $1,500 per willful violation of the TCPA after Ms. Collates revocation of implied consent.

WHEREFORE, Plaintiff respectfully request that judgment be entered against Defendant for the following:

    a. Actual damages pursuant to 15 U.S.C §1692(k), F.S.A. §559.77(2) and 47 USC § 227(b) (3).

b.  Statutory damages pursuant to 15 U.S.C §1692(k) and F.S.A. §559.77(2) and 47 USC § 227(b) (3).

c.  Costs and reasonable attorney fees pursuant to 15 U.S.C §1692(k) and F.S.A. §559.77(2);

d.  Punitive damages pursuant to F.S.A. §559.77;

e.  For any such relief the Court deems just and proper.

Respectfully submitted, this 8th day of March, 2016.

/s/ Alan C. Ewbank
[ ] G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
E-Mail: don@brandonlawyer.com
[x] ALAN C. EWBANK, ESQUIRE
Florida Bar No. 0191752
E-Mail: alan@brandonlawyer.com
THE GOLDEN LAW GROUP
808-A Oakfield Drive
Brandon, Florida   33511
Telephone:  (813) 413-8700
Facsimile:   (813) 413-8701
Attorneys for Plaintiffs